AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Matthew Drayton ) | Case No.  1:20-cr-10134-DJC-1 |
| ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❏ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

❏ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

❏ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

❏ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

❏ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

❏ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

❏ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

❏ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

❏ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

❏ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ☑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

  ❐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ❐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ❐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

  ❐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

  ❐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

  **OR**

  ☑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

  ☑ Weight of evidence against the defendant is strong
  ☑ Subject to lengthy period of incarceration if convicted
  ☑ Prior criminal history
  ❐ Participation in criminal activity while on probation, parole, or supervision
  ❐ History of violence or use of weapons
  ❐ History of alcohol or substance abuse
  ❐ Lack of stable employment
  ❐ Lack of stable residence
  ❐ Lack of financially responsible sureties

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ❏ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The year 43-year-old defendant is charged as the lead defendant in an eight-defendant case charging him, along with other individuals including his brother, with conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. sec. 846. According to the detention affidavit of Boston Police Detective Gregory Brown, the charges arose from a 20-month investigation involving federal, state, and local authorities focusing on drug distribution in the Boston area, including the Fidelis Way Housing Development in Brighton. During the course of the investigation, there were numerous controlled purchases and hundreds of hours of conversations recorded pursuant to court authorized wiretaps. Initial disclosures by the government include over 16,000 pages of line sheets representing over a year of electronic surveillance involving telephones of the defendant and other members of the conspiracy.

The government called Special Agent Matthew Cryan ("Cryan") of the Drug Enforcement Administration, who summarized the investigation, highlighted line sheets of the defendant's telephone conversations with other members of the conspiracy, and described the results of search warrants executed at 115 and 117 Moreland Street, a two family structure with a basement, incident to the defendant's arrest.

According to Cryan, the overall quantity of drugs sold and attributed to the conspiracy included over 3,000 grams of cocaine and 800 grams of cocaine base. Cryan referred to numerous recorded conversations, which were admitted and made part of the record, in which the defendant, often using coded language, discusses setting up drug transactions, getting drugs on consignment, and the acquisition of firearms. According to Cryan, during one recorded call, the defendant refers to a non-felon who can purchase firearms and makes reference to "real quiet," which, as Cryan explained, refers to a silencer on a firearm. Incident to the defendant's arrest, searches were conducted at a number of locations including 115 Moreland Street in Roxbury, the defendant's residence according to the Pretrial Services report, 117 Moreland Street, and a basement space under 115 and 117 which can be described as a free standing two unit structure. According to Cryan, more than five controlled drug purchases were conducted in the basement space during the course of the conspiracy.

On cross examination, it was established that the defendant's sister, Precious Drayton, resides in the 117 portion of the building with Merrick Rembert ("Rembert"). A search of the premises at 117 Moreland revealed 23 firearms and at least 60 boxes of ammunition. The guns, one of which was unsecured, have been attributed to Rembert, who is legally authorized to possess them. There remains considerable confusion regarding the control and possession of the premises at 115 and 117 Moreland Street. The defendant and his wife, Kimberly Drayton, appear to have used both addresses on numerous different occasions on such items as motor vehicle licenses, EZDrive documents, and business documents associated with the defendant's home improvement business. Documents belonging to the defendant and his wife were found in the basement along with cash. A sign for the defendant's home improvement business is affixed to the wall next to the entrance to the basement, where at least five controlled drug transactions are alleged to have occurred.

The defendant is a lifelong resident of Boston and a 1996 graduate of Boston English High School. For the last ten years he has resided with his wife of 17 years and their children at 115 Moreland Street in Roxbury, according to the Pretrial Services report. For the past seven years he has been employed by the Shoreline Corporation as a maintenance technician. In May 2020 he was injured while working and is currently receiving workmen's compensation as a result of the injury. Together with his wife, the defendant owns K, M & D Home Improvements. The earlier years of the defendant's life included numerous encounters with law enforcement starting as a juvenile. His criminal history between 1989 and 2008 includes 17 entries resulting three drug convictions.

Although the defendant appears to have a stable family situation and employment, the evidence that he ran an organized drug trafficking organization is very substantial, particularly in light of the voluminous recorded conversations discussing the planning and execution of drug transactions in addition to surveilled drug transactions. This court notes that in one instance, the defendant asked his wife to facilitate the delivery of drugs to a customer. Despite the fact that the defendant has had no interactions with the criminal justice system for the past decade, his prior criminal history includes three prior drug convictions and it appears that he has engaged in substantial drug related conduct during the period of the investigation commencing in November 2018. If convicted, he faces a substantial period of incarceration. This court finds by clear and convincing evidence that the defendant constitutes a danger to the safety of the community and that there are no conditions of release that will assure the safety of any other person and the community. As stated on the record at the detention hearing, this court does not find the defendant to be a risk of flight or failure to appear.

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:   08/14/2020                               /s/ Marianne B. Bowler
                                                 United States Magistrate Judge